IN THE UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARMEN KROWELL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. SA-15-CA-0638-RP |
| | § | |
| THE UNIVERSITY OF THE | § | |
| INCARNATE WORD, | § | |
| Defendant. | § | |

## PLAINTIFF'S RESPONSE TO  DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE ROBERT PITTMAN UNITED STATES DISTRICT JUDGE:

NOW COMES LIONEL WILLIAMS, Plaintiff in the above-styled and numbered cause, by and through her undersigned attorney of record and in accordance with the Federal Rules of Civil Procedure, files this her response to Defendant's motion  for summary judgment as follows:

## I. INTRODUCTION

Plaintiff's claims against Defendant included various causes of action under Title VI and Title VII of the Civil Rights Act of 1964 and the Age Discrimination Act of 1975.  Plaintiff waives her claims of discrimination claims Title VII of the Civil Rights Act of 1964 including her gender and religion discrimination; however contends there is sufficient evidence on record to support her claims under Title VI of the Civil Rights Act of 1964 and the existence of material fact issues in dispute.

Defendant submits a Motion for Summary Judgment to the Court which does not present any supportive evidence to challenge or dispute any, or most of the Plaintiff's Original Complaint. (A copy of Plaintiff's Original Complaint is attached and marked as Exhibit  A).  Defendant's Motion presents the Court with "declarations" made by an individual who is identified as an agent

1

of the Defendant who is/was responsible for the discrimination claims brought forth by the Plaintiff.  Further, Defendant's Motion goes to a great extent to use citations to argue Plaintiff has not met her burden, yet there is no comparison analysis evidence presented by the Defendant that Plaintiff was less qualified then the individual(s) selected to participate in Defendant's Master of Health Administration (MHA) program.

Further,  as the Court recognizes; Title VI of the Civil Rights Act of 1964 protects people from discrimination based on race, color or national origin in programs or activities that receive Federal financial assistance in that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 42 U.S.C. § 2000d et seq.  This is established by the Department of Education Office of Civil Rights (OCR) letter dated January 26, 2016. (Defendant's Motion for Summary Judgment,  Exhibit 8). 34 C.F.R. Part 100.

The OCR's letter dated January 26, 2016 presents no evidence that it investigated Plaintiff's claims of discrimination of race, color, national origin, or gender; but rather focused its investigation on Plaintiff's age discrimination pursuant to the Age Discrimination Act of 1975. 42 U.S.C.§ 6101 et seq. (Defendant's Motion for Summary Judgment, Exhibit  8). The OCR's letter establishes that its letter set forth [a] determination in an individual OCR case; "This letter is not a formal statement of OCR policy and should not be relied upon, cited, or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public.  You may file a private suit in federal court whether or not OCR finds a violation. Therefore, given this notice Plaintiff proceeded to file her claim in federal court.

Defendant argues that Plaintiff failed to give proper notice pursuant to <u>42. U.S.C. § 6104 (e)</u> <u>(1) and (2)</u> prior to beginning a lawsuit. <u>42. U.S.C. § 6104 (f)</u> provides, "With respect to actions brought for relief based on an alleged violation of the provisions of this chapter, administrative remedies shall be deemed exhausted upon the expiration of 180 days from the filing of an administrative complaint during which time the Federal department or agency makes no finding with regard to the complaint, or upon the day that the Federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first".

## II. MATERIAL FACT ISSUES IN DISPUTE

### A.  Plaintiff was Qualified for Defendant's Master of Health Administration Program

Plaintiff's Military career included being a thirty-three (33) year Veteran who had served in three Military Campaigns Desert Storm and Desert Shield, Operation Enduring Freedom; held two degrees, Bachelors of Science in Business and Masters of Science in Human Resource Management; had post graduate course work at Villanova University.  Plaintiff had GPA of 3.6 from Regis University and a 3.35 from Chester University was a 3.35 while working full time, attending both universities and serving her country. (Exhibit A at pg 14).

Defendant's website presented the following requirements and criteria for its MHA program as follows:

A.   Must have earned a Baccalaureate degree from accredited institution with an overall GPA of 2.5 or higher.  Students with a GPA between 2.0-2.5 can be admitted conditionally with an acceptable admission exam score.

B.   Submit official transcripts from each college/university attended.

C.   At least one of the following as specified by the degree program.

D.   National recognized entrance test specified by the discipline.

3

E.      Evaluation by one or more professional from the intended field of study.

F.      Professional Certification or a degree of equal or higher level than that sought from an accredited institution of higher learning.

G.      Letters of Recommendation. (Exhibit A at pgs. 3-4).

Defendant's website did not disclose any information related to any paid or unpaid internship associated to either of its Master Programs. Defendant's website did not disclose requirements to fulfill obligations to any paid or unpaid internships associated to Defendant's Master Programs.  (Exhibit A at pgs. 4 and 7).  Defendant has not disputed these facts.

Defendant argues that "the sole factual basis for all of Plaintiff's causes of action is because she failed to gain admission into Defendant's H-E-B School of Business and Administration Master of Health Administration program (MHA).  Defendant's Motion presents declarations made by Dr. Dominquez who interviewed the Plaintiff; and presents no evidence whether Plaintiff was not qualified or less qualified than any of the individuals who applied or were selected for the program.

Defendant declares that "the Admissions Committee felt that the Plaintiff's application was "not as strong as some of the others [UIW] received". (Defendant's Motion for Summary Judgment at  pg. 4).  Defendant did not attached any evidence to support its argument other than the word of Dr. Dominquez who is identified as a party engaging in the alleged discrimination.  Additionally, Dr. Dominquez declares the MHA program is highly competitive, and many quality applicants are denied admission because of its competitive nature. (Defendant's Motion for Summary Judgment at  pg. 4). Dr. Dominquez further declares that the MHA program…designed for individuals seeking career positions within the healthcare industry…employs an experiential learning model

under which students are placed in positions with healthcare organizations to gain real-world experiences.

Plaintiff served in Afghanistan in a medical unit that treated wounded American soldiers, NATO soldiers and civilian nationals for battle injuries. (Exhibit A at pg. 1).  Mr. Johnny S. Garcia Jr., Assistant Director of Graduate Admissions recommended to Plaintiff that she should apply for Defendant's MHA program based on the information she provided related associated to her work experience and educational background. (Exhibit A at. pg. 5).

Plaintiff met all educational requirements set forth by Defendant along with her military experience made Plaintiff an exceptional candidate for Defendant's MHA program.   Dr. Dominquez' declarations present evidence of a subjective bias method of who is and who is not selected to participate in Defendant's MHA program.

**B.  Age, Race and National Origin Discrimination**

Plaintiff is a fifty-two (52) year old Columbian-American female, and not to be confused with being a Mexican-American or any other "Hispanic" surname ethnic group.  Dr. Dominquez is believed to be  Mexican American and is a male.  Dr. Dominquez' age is unknown.  Dr. Dominquez was  a member of the selection Committee.

On June 3, 2014, Plaintiff was interviewed by Dr. Dominquez and Dr. LaFrance. Plaintiff explained she has worked many years in the corporate sector; was in the Air Force, had returned from Afghanistan where she worked with a medical unit in Kandahar; was interested in the MHA program; and was volunteering at the VA hospital. To which Dr. Dominquez replied that the work Plaintiff was performing at the VA hospital was not what "they were looking for".  (Exhibit A at pgs. 6-7).  Dr. Dominquez disclosed to Plaintiff that the VA was not one of the Defendant's

partners; and had partnerships with UTC; UIW Crista Santa Rosa, and UTC Science Centers and that Defendant sent its students who were in the MHA program to work with the management team at these hospitals. (Exhibit A at pg. 7).

Plaintiff disclosed to Dr. Dominquez her concerns on the internship requirements and how it did not fit in with what Defendant's disclosures of its MHA.  Dr. Dominquez informed Plaintiff that meetings were being held to address these concerns.  (Exhibit A at  pg. 8).  Plaintiff's interview lasted no more than twenty minutes.

During the interview, Dr. Dominquez disclosed to Plaintiff that "it has been a while since you have been in school and things have changed". (Exhibit A at pg. 8).  Plaintiff admits this is true, but her absence in the attending school was due to her military service.  Contradictory to Dr. Dominquez' declarations explaining reasons why Plaintiff was not accepted to its MHA program, is Mr. John Garcia's Graduate Admissions Counselor confirmed to Plaintiff the reason why she was not selected to Defendant's MHA program was because she "doesn't work in the healthcare industry". (Exhibit A at pg. 13).

Defendant's Motion attempts to misconstrue facts regarding Plaintiff's interest in a degree in Hospital Administration.   Defendant asked Plaintiff if she liked the field of health administration…that much…than why didn't you apply to Trinity's health care administration program in 2015 or in 2016 to which Plaintiff answered- "Because the VA benefits that you get on Chapter 33 run out at a certain amount of time. And as I have have gotten older, I know I'm going to go back out into the job market.  I would still be much too young to receive any type of social security or whatnot so I have to be gainfully employed. So I picked a field that you can, pretty much get a job anywhere.  But I didn't want to wait another year because I needed to start

using those Chapter 33 benefits." (Defendant's Motion for Summary Judgment, Exhibit 1-Krowel Depo. pg.125).

Defendant asked Plaintiff whether she would agree that there was a span of 13 years after she received her Master's degree, to which Plaintiff affirmed. (Defendant's Motion for Summary Judgment, Exhibit 1-Krowel Depo. pg.121).    Defendant asked Plaintiff if she would agree that "it is a significant time between educational program…and that in a 13-year period a lot of things can change in the educational setting or environment correct? (Defendant's Motion for Summary Judgment, Exhibit 1-Krowel Depo. pg.121).  Defendant's inferences in both her interview and deposition establish a pretextual motive of age discrimination against Plaintiff.

## III.  STANDARD OF REVIEW

The Defendant's Motion for summary judgment must "demonstrate the absence of a genuine issue of material fact," but it need not negate the elements of the nonmovant's case. Since the moving party bears the burden of proof, the Court construes the evidence in the opponent's favor and extends him the benefit of all favorable inferences. When the moving party has properly supported his summary judgment motion, the non-moving party must come forward with "significant probative evidence" showing that there is an issue regarding material facts. The nonmovant may not simply rely on "vague assertions that additional discovery will produce needed, but unspecified facts." If the nonmovant fails to set forth specific facts in support of allegations essential to that party's claim and on which that party will bear the burden of proof at trial, then a grant of summary judgment is appropriate.  Even if the nonmovant presents evidence to support his allegations, summary judgment will still be appropriate "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence

is merely colorable, or is not significantly probative, summary judgment may be granted." Silva v. Chertoff, 512 F. Supp. 2d 792, 802 (W.D. Tex. 2007).

Defendant has failed to meet its burden of proof and presented no evidence to show that Plaintiff was less qualified than the individual(s) selected for Defendant's MHA program. The only evidence are Declarations made by Dr. Dominquez. Plaintiff's evidence is not "colorable", but presents sufficient evidence in which a jury would return a verdict on her behalf.

Defendant raises the shift burden in McDonnell Douglas Co. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); and which the Court knows that Plaintiff's claims can be based on circumstantial evidence under the burden-shifting framework set forth in McDonnell Douglas Co. v. Green. Plaintiff submits the Defendant has not present sufficient evidence to negate Plaintiff's establishment of a prima facie case of discrimination prohibited by Title VI. Silva v. Chertoff, 512 F. Supp. 2d 792, 803 (W.D. Tex. 2007).

A reviewing court must therefore not engage in a credibility assessment regarding the Plaintiff's proffered evidence at this stage. Once the Plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer, who must, articulate some legitimate, non-discriminatory reason for his actions regarding the plaintiff's employment. The burden on the employer at this stage is similarly one of production rather than persuasion. Silva v. Chertoff, 512 F. Supp. 2d 792, 804 (W.D. Tex. 2007). Defendant's Motion relies primarily on Declarations by Dr. Dominquez in an attempt to "persuade" the Court there were other applicants much more qualified than Plaintiff, but rather Dr. Dominquez goes to a great extent of explaining the competitiveness of Defendant's MHA program.

Defendant's Motion, other than Plaintiff's deposition and Dr. Dominquez' declarations do not establish the nonexistence of any material fact and therefore Defendant is not entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c).  Defendant has not met its burden demonstrating that there is no genuine issue of material fact in existence.  On the contrary, the Plaintiff has come forward with specific facts and evidence such that a reasonable party could return a verdict for the nonmoving party. A factual dispute is deemed genuine if a reasonable juror could return a verdict for the nonmovant, and a fact is considered material if it might affect the outcome of the litigation under the governing substantive law.  Plaintiff has made a showing sufficient to establish the existence of an element essential to her claims. A district court may not make credibility determinations or weigh evidence when deciding a summary judgment motion.   Lopez v. Kempthorne, 684 F. Supp. 2d 827, 844 (S.D. Tex. 2010).

Defendant's Motion did not dispute nor present evidence to challenge any of Plaintiff's Original Complaint claims.  Comparing the Plaintiff's Original Complaint to the declarations made by Dr. Dominquez; as the Court knows the facts are to be reviewed with all inferences drawn in favor of the party opposing the motion. However, factual controversies are resolved in favor of the non-movant only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. Jackson v. Katy Indep. Sch. Dist., 951 F. Supp. 1293, 1295 (S.D. Tex. 1996).   In this instance, Plaintiff's Original Complaint and declarations made by Dr. Dominquez are contradictory; specifically Defendant's disclosure of requirements for its MHA and its position that Plaintiff's  "age" and being out of the "educational" system for more than 13 years had an effect on Plaintiff's selection to Defendant's MHA program.

Defendant  has failed to meet its burden to present to the Honorable Court that there is an absence of evidence to support the Plaintiff's case.  McKay v. Dall. Independent Sch. Dist., No.

3:06-CV-2325-O, 2009 U.S. Dist. LEXIS 18020, at *1 (N.D. Tex. Mar. 10, 2009). The Court must resolve doubts in favor of the Plaintiff and make all reasonable inferences in favor of the Plaintiff. Id. at *1. The opponent to summary judgment must do more than simply show some metaphysical doubt as to the material facts. Instead, the nonmovant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. The nonmovant achieves this only by identifying specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim. McKay v. Dall. Indpendent Sch. Dist., No. 3:06-CV-2325-O, 2009 U.S. Dist. LEXIS 18020, at *1 (N.D. Tex. Mar. 10, 2009).

## IV.  PLAINTIFF HAS ESTABLISHED A PRIMIA FACIE CLAIM OF AGE, RACE AND NATIONAL ORIGIN DISCRIMINATION

Defendant has not met its shift burden under the McDonnell Douglas Co. v. Green provisions. Defendant's only evidence is the Declarations of Dr. Dominquez, but which only explains the competitiveness of its MHA program, the number of applicants who applied which in essence is nothing more than unsupported speculations who could meet these "competitiveness" requirements which are not competent summary judgment evidence. Fed. R. Civ. P. 56(e) (1). Harris v. Auxilium Pharms., Inc., 664 F. Supp. 2d 711, 715 (S.D. Tex. 2009).

Defendant's arguments present a variety of reasons why the Plaintiff was denied entrance to its MHA program, raising the issue of "mixed motives" as to why Defendant denied Plaintiff's applications to its MHA program. "Mixed-motives" cases are different from pretext cases. In pretext cases, the issue is whether either illegal or legal motives, but not both, were the true motives behind the decision. In mixed-motives cases, however, there is no one true motive behind the decision. Instead, the decision is a result of multiple factors, at least one of which is legitimate. Hopwood v. Texas, 999 F. Supp. 872, 876 (W.D. Tex. 1998).

Defendant's Motion presented no evidence to support its "mixed" reasons why the Plaintiff was denied entrance to its MHA program.  Defendant provided no evidence it did not discriminate against Plaintiff because of her race, national origin, age nor gender.  The Defendant has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial.  Further, Defendant failed to point out the absence of evidence supporting the essential elements of the non-movant's case.  The shift to the Plaintiff, as submitted in her response demonstrates by competent summary judgment proof that there is an issue of material fact so as to warrant a trial.  Jackson v. Katy Indep. Sch. Dist., 951 F. Supp. 1293, 1295 (S.D. Tex. 1996).

Plaintiff is a fifty-two (52) year old Columbian-American female, and not to be confused with being a Mexican-American or any other "Hispanic" surname ethnic group.  Plaintiff's is a Veteran with a thirty-three (33) year career service and served in three Military Campaigns- Desert Storm and Desert Shield, Operation Enduring Freedom; held two degrees, Bachelors of Science in Business and Masters of Science in Human Resource Management; had post graduate course work at Villanova University.   Plaintiff had GPA of 3.6 from Regis University and a 3.35 from Chester University was a 3.35 while working full time, attending both universities and serving her country. (Exhibit A at pg 14).

Defendant's only and primary explanation as to why Plaintiff was not accepted to its MHA program was because she had been out of the education system for a long period of time, making reference to her age.  Defendant's Motion makes no challenge to Plaintiff's claims of race, national origin, and gender discrimination claims.  Plaintiff submit to the Honorable Court that there are issues of material facts in dispute.

## V.  PRAYER

WHEREFORE,  PREMISES  CONSIDERED,  Plaintiff    prays  that  this  Court  deny Defendant's Motion for Summary Judgment and for such other relief, either general or special, at law and in equity, to which Plaintiff may be justly entitled to.

Respectfully submitted,

LAW OFFICES OF ARTHUR G. VEGA
P.O. Box 461106
San Antonio, Texas 78246-1106
Telephone: (210) 379-3111
Facsimile:  (210) 582-5875
E-mail: artavega@yahoo.com

/s/  Arthur G. Vega
ARTHUR G. VEGA
State Bar No. 20533600

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd  day of   March, 2017, I electronically filed the foregoing  Plaintiff's Response to Defendant's Motion for Summary Judgment  with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Attorney for Defendant,  Mr. Mario A. Barrera,  NORTON ROSE FULBRIGHT USLLP, 300 Convent Street, Suite 2100,  San Antonio, Texas 78205.

/s/  Arthur G. Vega
ARTHUR G.  VEGA